IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EDDIE D. MILHOLLAND                                                                PLAINTIFF

VS.                                        NO. 4:09CV00865-BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Eddie D. Milholland filed this lawsuit under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income benefits. (Docket entry #2). For reasons set out below, the decision of the Commissioner must be AFFIRMED.

**I.     Procedural History:**

Mr. Milholland protectively filed an application for supplemental security income on December 20, 2006, citing a history of surgery for ulcers and back pain.[1] (Tr. 123-124). His claim was denied initially and upon reconsideration. At Mr. Milholland's request, a hearing was held on December 18, 2008. The Administrative Law Judge[2]

---

[1] Plaintiff originally alleged disability beginning December 1, 2005, but modified his alleged onset date to December 20, 2006, the date he protectively filed for benefits. (Transcript 20-21).

[2] The Honorable John H. Goree

issued a decision on February 24, 2009, finding that Mr. Milholland was not disabled for purposes of the Act. (Tr. 7-14). On September 28, 2009, the Appeals Council denied his request for review, making the ALJ's decision the Commissioner's final decision. Mr. Milholland filed his Complaint seeking review of that decision on November 17, 2009. Both parties have now filed briefs, and the case is ready for decision.

II.     **Background:**

Mr. Milholland was 46 years old at the time of the hearing before the ALJ. (Tr. 21). He had an eighth-grade education. (Tr. 22). His work history included employment as a janitor and engine maintenance. (Tr. 13, 30, 48). At the time of the hearing, he had been released from prison for about two weeks and was living in a half-way house where he washed dishes, swept, and mopped floors. (Tr. 23, 35, 46, 49).

III.    **Decision of the Administrative Law Judge:**

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process, deciding: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether he had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant

from doing past relevant work[3]; and (5) if the claimant could not perform past relevant work, whether he was able to make an adjustment to other work, given his age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).

Here, the ALJ found that Mr. Milholland had not engaged in substantial gainful activity since December 20, 2006, the date he applied for benefits. (Tr. 9). The ALJ further found that Mr. Milholland had two severe impairments: a back disorder and peptic ulcer disease, by history (Tr. 9), but he found that Mr. Milholland did not have an impairment or combination of impairments meeting, or medically equal to, an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.926). (Tr. 9).

The ALJ determined that Mr. Milholland could not perform his past relevant work as a janitor (Tr. 13), which required medium exertion; but he also found that Mr. Milholland retained the functional capacity to perform a range of light work. (Tr. 10). Specifically, after considering all of Mr. Milholland's symptoms, as well as the medical and other evidence, the ALJ found that Mr. Milholland could: lift up to twenty pounds occasionally and ten pounds frequently; stand or walk for six-to-eight hours in an eight-hour work day (spending one-to-two hours uninterrupted); and sit for six-to-eight hours in an eight-hour work day, with one-to-two hours uninterrupted. The ALJ also found

---

[3] If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied. 20 CFR. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

Mr. Milholland was further limited, in that his work could not involve balancing, but he found that Mr. Milholland could occasionally climb, crouch, kneel, stoop, or crawl.

The ALJ found that Mr. Milholland could perform work that is simple, unskilled or semi-skilled, and also found that he could understand, follow, and remember concrete instructions, so long as contact with supervisors, co-workers, and the public is superficial. (Tr. 10).

After presenting a hypothetical based on the limits set out above to a vocational expert ("VE") (Tr. 50-51), and after hearing the VE's testimony (Tr. 51-52), the ALJ concluded that there were jobs existing in significant numbers in the national economy that Mr. Milholland could perform. (T. 13).

IV. **Analysis:**

A. *Standard of Review*

In reviewing the Commissioner's decision, the Court must determine whether there is substantial evidence in the administrative record to support the decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009), and 42 U.S.C. § 405(g). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).

In reviewing the record, the Court "must consider the evidence which detracts from the Commissioner's decision, as well as the evidence in support of the decision," but the decision cannot be reversed, "simply because some evidence supports a conclusion

other than that of the Commissioner." *Pelkey v. Barhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.    *Plaintiff's Arguments*

Mr. Milholland claims the ALJ's decision is not supported by substantial evidence because the ALJ erroneously determined residual functional capacity. Specifically, Mr. Milholland claims that the ALJ erred in not considering a previous disability decision, in discrediting his subjective complaints of pain, and in failing to develop the record.

Residual functional capacity, of course, describes what the claimant can do despite his limitations. The claimant has the burden to prove his residual functional capacity. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir.2003)).

    1.    Prior Disability Finding

According to Mr. Milholland, he was found disabled in 1995, but his benefits were stopped when he was imprisoned in 1998. Plaintiff's Brief, p. 1  He contends that the ALJ erred in failing to properly consider the prior disability determination. However, "findings made in connection with the prior disability determination [are] not binding on the ALJ under 'administrative res judicata.'" *Wilson v. Barnhart*, 188 Fed.Appx. 556, 557-558 (8th Cir. 2006)(citing *Ply v. Massanari*, 251 F.3d 777, 778 (8th Cir.2001) (per curiam) (rejecting contention that ALJ was bound by previous findings because under continuing-review regulations, new disability determination is made without drawing

inference from prior determination); and *Nelson v. Sullivan*, 946 F.2d 1314, 1315 (8th Cir.1991) (per curiam)(no inference to be drawn from previous grant of benefits). The ALJ did not err in failing to consider the prior disability determination from a decade earlier.

2. Medical Evidence

Plaintiff also argues that there is, "no evidence from a treating medical source to support the ALJ's [residual functional capacity determination]." Plaintiff's Brief, p. 9. The point is not well taken.

A claimant's residual functional capacity ("RFC") is a medical question, so an RFC assessment must be supported by "some medical evidence" of the claimant's ability to function in the workplace. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). There is no requirement, however, that there be medical evidence from a "treating medical source," as the Plaintiff argues.

In his decision, the ALJ relied, in part, on Mr. Milholland's medical records from the Arkansas Department of Correction ("ADC"). (Tr. 10-11, 186-221). Those records show that Mr. Milholland had abdominal surgery in 1987 to repair an ulcer, and again in 1989 to remove part of his intestine, due to infection. (Tr. 208). Mr. Milholland received a physical examination when he entered the ADC. (Tr. 10-11, 206-214). ADC medical records indicate that he was in good to average physical condition; his physical

stamina, bones, joints, muscles, and mental health were normal; and his mobility was only slightly limited (Tr. 11, 207).

He was given some work restrictions while he was at the ADC based on his health examination. He was restricted from assignments, "requiring prolonged crawling, stooping, running, jumping, walking, or standing." He was also restricted from assignments requiring, "handling, lifting of heavy material." (Tr. 209).

Significantly, the ADC records include a document titled "Inmate Request Form" that Mr. Milholland submitted to the ADC in January of 2006, stating:

> I am requesting to sign a waver [sic] on all medical records, I am wanting to work. My health is find [sic]. This is the second request, thank you.

(Tr. 11, 204).

Because the only medical evidence in the record for Mr. Milholland was from the ADC, a consultative general physical examination was conducted by Joel C. Cobb, M.D., on March 1, 2007. (Tr. 165 - 172). Dr. Cobb noted that Mr. Milholland had a history of peptic ulcer disease, resulting in two surgeries (partial colectomies), and that he currently reported rectal bleeding. Dr. Cobb recommended that he see his primary care physician or go to an emergency room because of the reported rectal bleeding. (Tr. 166). Dr. Cobb noted that Mr. Milholland was not on any medications and was "stable." (Tr. 166).

Plaintiff concedes that Dr. Cobb's report "superficially" supports the ALJ's RFC finding, but he argues that the report also, "throws up a huge red flag when the doctor recommends that the claimant be seen by a specialist or in the emergency department."

Plaintiff's Brief, p. 10. He argues that the ALJ, "ignored the recommendation of the consultative physician" that "the claimant be seen by a specialist." Plaintiff's Brief, p. 11.

Dr. Cobb's recommendation that Mr. Milholland tend to his rectal bleeding problem does not translate into a suggestion that Mr. Milholland was unable to work. Medical problems such as rectal bleeding are not disabling per se. The fact that Mr. Milholland needed medical attention does not mean that he could not work. In fact, Dr. Cobb's only restriction on Mr. Milholland's work was a limitation on heavy lifting, a restriction the ALJ adopted in his decision. (Tr. 172, 11).

In addition to Dr. Cobb's assessment, opinions of state agency physicians also support the ALJ's residual functional capacity determination. (Tr. 9, 56-57, 173-180, 185). Ronald Crow, D.O., reviewed Mr. Milholland's medical file in March of 2007, and concluded that Mr. Milholland could occasionally lift or carry 50 pounds; frequently lift or carry 25 pounds; stand or walk (with normal breaks) for about six hours in an eight-hour workday; sit (with normal breaks) for about six hours in an eight-hour workday; and push or pull on an unlimited basis. (Tr. 9, 56, 173-180). In other words, Dr. Crow thought that Mr. Milholland could perform medium work.[4] (Tr. 173-180).

---

[4] A person who can perform medium work generally can also perform light and sedentary work. 20 C.F.R. § 416.967(c).

Jim Takach, M.D., another state agency physician, also reviewed Mr. Milholland's file. His assessment is consistent with Dr. Crow's. (Tr. 57, 185).

State agency physician opinions are expert opinions, and an ALJ must consider these opinions, along with the other evidence of record. The ALJ properly considered these opinions. (Tr. 9-13). 20 C.F.R. § 416.927(f); SSR 96-6p.

3. Subjective Complaints of Pain

Mr.Milholland also contends that the ALJ improperly discredited his complaints of pain. However, the ALJ did consider Mr. Milholland's subjective complaints of disabling pain, specifically citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984. (Tr. 11-12). Factors to be considered in assessing a claimant's allegations of pain are well established.

> In analyzing a claimant's subjective complaints, such as pain, an ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Other factors also include the claimants relevant work history and the absence of objective medical evidence to support the complaints.

*Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010)(citing *Polaski, supra*)(other citations omitted). The ALJ agreed that Mr. Milholland suffered pain, but he discounted Mr. Milholland's description of the severity of that pain. (Tr. 12).

The ALJ found that the objective medical findings were not consistent with the disabling level of pain Plaintiff alleged. (Tr. 12). Objective medical evidence is one

factor that an ALJ may consider when evaluating the credibility of a claimant's subjective complaints. *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004).

The ALJ also considered Mr. Milholland's daily activities in making his assessment. *Wagner v. Astrue*, 499 F.3d 842, 851-852 (8th Cir. 2007). Mr. Milholland reported, for example, that he was able to care for his personal needs, perform household chores and yard work, shop, prepare meals, manage financial matters, watch television, go outside, and talk to other people on the phone. (Tr. 12, 130-137). The ALJ found that Mr. Milholland's daily activities were not limited to the extent that one would expect of one with disabling pain. (Tr. 12).

In addition, at the time of the hearing, Mr. Milholland was taking no medication, either for pain or for his stomach problems, other than over-the-counter antacid and acetaminophen. (Tr. 12, 45, 47). As the ALJ noted, the absence of medication tends to suggest that a claimant's symptoms are tolerable. (Tr. 12). *Howe v. Astrue*, 499 F.3d 835, 841 (8th Cir. 2007).

The ALJ's finding that Mr. Milholland's subjective complaints of disabling pain were not entirely credible is amply supported in the record, by both medical and other evidence.

V.    **Conclusion:**

There is sufficient evidence in the record as a whole to support the Commissioner's determination that Eddie D. Milholland did not meet his burden of

establishing a disability. Accordingly, his appeal is DENIED, and the Clerk is directed to close the case, this 3rd day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE